IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| GAIL HART JOHNSON, ) | Civil Action No. 3:07-1584-MBS-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA STATE UNIVERSITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, Gail Hart Johnson ("Johnson"), filed a *pro se* complaint on June 6, 2007, which appears to allege Title VII claims of reverse discrimination and retaliation against her former employer, South Carolina State University ("SCSU"), a violation of her constitutional rights under § 1983, and several pendant claims. SCSU is the only named Defendant.

Early in the litigation, SCSU filed a motion to extend the scheduling order due to its inability to depose Johnson. An amended scheduling order was issued on December 26, 2007. Johnson's response to amending the scheduling order reflects the tone she has used from that point forward. On January 31, 2008, Johnson filed a motion to sanction a process server and SCSU's counsel for lying to the Court in connection with its motion to extend the scheduling order. She also filed a

motion to extend discovery "based upon Plaintiff's unavailability to be deposed due to employment responsibilities and retaining an attorney, of whom I meet with on February 7, 2008."[1]

A hearing was held on March 7, 2008. The undersigned explained to Johnson the responsibilities of a *pro se* litigant and certain procedural matters which were likely to arise. The allegation that SCSU's counsel lied to the Court in connection with its motion to extend the scheduling order was based on a copy of an affidavit of a process server in North Carolina which detailed attempts to serve Johnson with a deposition subpoena scheduled for December 7, 2007. The affidavit of the process server stated:

> 1.11/28/2007 4:20 PM NO ANSWER, 4:24 PM LEFT MESSAGE FOR MS. JOHNSON TO CONTACT OUR OFFICE.
>
> 2.11/28/2007 9:10 PM SPOKE WITH JOHNSON ON THE PHONE. WE INFORMED HER WE HAD A SUBPOENA FOR HER AND WOULD LIKE TO ARRANGE A CONVENIENT TIME TO BRING HER THE PAPERWORK. SHE STATED ANYONE WHO CAME ON HER PROPERTY WOULD BE SHOT. SHE SAID WHAT EVER IT WAS WE HAD FOR HER COULD BE PUT IN THE MAILBOX. SHE SEEMED TO NOT UNDERSTAND THE LITIGATION PROCEEDURE OF HAVING TO SERVICE OF PROCESS EFFECTED CONCERNING THE SUBPOENA.
>
> 3.11/29/2007 9:00 AM NO ANSWER AT HER RESIDENCE. IT APPEARED PEOPLE WERE HOME BECAUSE THE 2 CAR GARAGE WAS OPEN AND THERE WERE 2 VEHICLES PRESENT.
>
> 4.11/29/2007 10: 10 AM DUE TO HER THREAT OF ANYONE GOING ON HER PROPERTY WOULD BE SHOT AND REFUSAL TO ANSWER THE DOOR THE PAPERWORK WAS TURNED OVER TO THE CHATHAM COUNTY SHERIFF DEPARTMENT.

---

[1] The record shows that Johnson moved to North Carolina before filing this action. No attorney has appeared for her as of this time.

Johnson presented no evidence that any statement of the process server was false with her motion for sanctions or at the hearing of March 7, 2008. An order was issued on March 13, 2008 denying the motion for sanctions.

The motion to extend was granted for the sole purpose of SCSU being able to depose Johnson. SCSU presented further evidence that Johnson was attempting to avoid being deposed. SCSU served two subpoenas on Johnson to be deposed (on Saturdays for her convenience), but Johnson had not appeared.[2] Therefore, the undersigned set a date (a Saturday for Johnson's convenience) and time certain for the deposition and admonished Johnson orally and by written order that if she "fails to appear, the undersigned will recommend that she be sanctioned by the dismissal of this action."

This background is provided to set the stage for addressing the various motions presently pending.

**1. Motions for Sanctions.**

The day before the deposition Johnson emailed SCSU's counsel to confirm the date, time, and place and that "the deposition will last no loner(sic) than 30 minutes." Counsel responded that under the Federal Rules of Civil Procedure the deposition could last as long as seven hours. Johnson responded that counsel had stated during the hearing on March 7, 2008 that the deposition would take less than thirty (30) minutes, and therefore, it was limited to that amount of time.

Johnson appeared for the deposition and declared it "concluded" after approximately twenty-seven (27) minutes. Johnson filed a motion for sanctions on April 21, 2008 (Doc. No. 56) asserting that she had been "subjected to abuse, harassment and intimidation tactics" during the deposition.

---

[2]Johnson stated she had never seen the subpoena before.

SCSU filed a response on May 6, 2008. SCSU also filed a "Motion to Dismiss for Failure to Prosecute and Failure to Comply with a Court Order" on May 6, 2008 (Doc.No. 58). An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on May 23, 2008, explaining to Johnson her responsibility as a *pro se* litigant to respond to SCSU's motion to dismiss. Johnson responded to SCSU's motion on June 25, 2008 by filing two additional motions for sanctions (Doc. Nos. 65 and 66).[3] Johnson generally argues that SCSU should be sanctioned because it "has continuously lied to the court, violated the civil rights of Gail Johnson and used intimidation and retaliation toward Gail Johnson." SCSU filed a response on July 2, 2008 arguing that Johnson's responses to its motion were untimely.

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions for a party's failure to make disclosures or to cooperate in discovery. Rule 37(b)(2) states in part:

> If a party. . . fails to obey an order to provide or permit discovery. . . the court may make such orders in regard to the failure as are just, and among others the following:...
>
> (c) An order...dismissing the action....

In Robinson v. Yellow Freight System, 132 F.R.D. 424 (W.D.N.C. 1990), affirmed 923 F.2d 849, cert. denied, 502 U.S. 831 (1991), Judge Potter discussed the proper application of Rule 37.

> Courts applying Rule 37 have found that the rule should not be applied as an initial remedy. See generally 4A Moore's Federal Practice, Par. 37.03 [2] at 37-88 (1990) (hereinafter "Moore's"). The harsh sanctions of dismissal cannot be utilized when the failure to obey the discovery order was a result of a party's inability to do so after good faith efforts at compliance. Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 2 L.Ed.2d 1255, 78 S.Ct. 1087 (1958). Courts have generally held that there must be some element of bad faith, willfulness, gross

---

[3] The motions appear to be identical except a memorandum is attached to the second motion.

4

negligence, or callous disregard of the rights of other litigants in order to justify imposition of the sanction of dismissal. See Moore's at 37-89.

The determination of whether the factual situation of any given case justifies dismissal for violation of a discovery order is left in the sound discretion of the trial court. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643, 49 L.Ed.2d 747, 96 S.Ct. 2778 (1976) (per curiam). "The question, of course, is not whether this Court, or whether the Court of Appeals would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing." Id. at 642; see also Wilson v. Volkswagen of American, Inc., 561 F.2d 494, 504 (4th Cir. 1988), cert. denied, 434 U.S. 1020, 54 L.Ed.2d 768, 98 S.Ct. 744 (1978). The sanction of dismissal must be available to the district court not merely to penalize conduct, but to deter those who might be tempted to such conduct in the absence of such a deterrent. Nonetheless, many courts have found that an abuse of discretion occurs when the district court dismisses an action without explicitly considering whether lesser sanction would effectively cure the improper behavior. Moore's at 37-94 (citing cases).

The Fourth Circuit Court of Appeals has directed that district courts consider four factors in deciding whether to impose the sanction of dismissal when a party fails to comply with a discovery order. See Mutual Federal Savings & Loan Association v. Richards & Associates, 872 F.2d 88. 92 (4th Cir. 1988); McKenna v. Sovran Bank NA, 9 Fed. Rules Serv. 3d 1249, 1252 (4th Cir. 1987) (unpublished) (citing Wilson, 561 F.2d at 503-06); Aerodyne Systems Engineering, Ltd. v. Heritage International Bank, 115 F.R.D. 281 (D.Md. 1987); Snead v. Automation Industries, 102 F.R.D. 823 (D.Md. 1984). The factors include: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Mutual Federal Savings & Loan, 872 F.2d at 92.

**a. Johnson's Motions for Sanctions**

Review of the record in this case shows that Johnson's motions for sanctions are without merit. Johnson appears to have adopted a strategy of resisting discovery attempts, specifically her

5

deposition, and to argue that everyone involved, from process servers to SCSU's counsel are lying about her. As noted earlier, Johnson offers no evidence to support her assertions. Further, the record contradicts her statements. For instance, in the motion filed immediately following the deposition, Johnson argued that she was intimidated because Mr. Boykin was there with six other attorneys, the court reporter, and an armed police officer. However, the transcript shows only Mr. Boykin, two other attorneys, the court reporter and an individual identified as Crystal Barr Rogers were present.

Johnson also argues that Mr. Boykin was "rude, arrogant, badgering and verbally abusive" during the deposition. Again the transcript belies Johnson's statement. Mr. Boykin began the deposition asking typical background questions. Early on Johnson warned him of the thirty minute limitation and told him to "get to the questions." (Tr. 7). After an on record discussion of the asserted time limitation the following took place:

> **Question:** Okay. We'll move on.
>
> **Answer:** And I will not be badgered. I will not sit here and be badgered by you.
>
> **Question:** No one's badgering you.
>
> **Answer:** You have never been honest. You have never been forthright. You have never been honest, and you have never had any validity to anything that you have put in writing.

(Tr. 11-12).

Later the following exchange took place:

> **Question:** Mrs. Johnson, I'm trying to get a chronology of what's going on, and you are just pulling things randomly. And --
>
> **Answer:** You're asking random questions. Very subjective questions. What things would those be?

6

**Question:** I have a right to ask the questions any way I wan to.

**Answer:** Yes, you can ask anything you want, and I also will choose not to answer things that I feel are -- I mean, why am I here?

(Tr. 21).

When Mr. Boykin attempted to ask pertinent questions to develop a chronology, Johnson was generally evasive, combative and ended by concluding the deposition. (*See* Transcript 22-27). In short, nothing in the transcript supports Johnson's claims. Johnson's motions for sanctions should be **denied.**

### b. SCSU's Motion for Sanctions

SCSU moves to sanction Johnson pursuant to Rule 37(b)(2) and (c), Fed.R.Civ.P., for failing to permit discovery and failing to follow an order of the Court. SCSU argues that dismissal of the action is the appropriate sanction. SCSU also argues that dismissal is appropriate pursuant to Rule 41(b), Fed.R.Civ.P., because Johnson has failed to prosecute her case.

The undersigned concludes that Johnson's continued efforts to thwart the taking of her deposition should subject her to sanctions. When a plaintiff brings an action in this Court, the defendant has a right prior to trial to investigate her claims using discovery devices set forth in the Federal Rules of Civil Procedure. A plaintiff, of course, has an equal right to engage in discovery to obtain evidence to establish her case and to test defenses raised by the defendant. A deposition is merely one of the devices provided in the rules.

At the hearing on March 8, 2007, the undersigned notified Johnson that her case was governed by the Federal Rules of Civil Procedure and attempted to explain the sequence of case development which would follow. Because of the previous difficulty with scheduling, the

undersigned consulted with the parties and arrived at a date, time, and place agreeable to all: Saturday, April 5, 2008, at 11:00 a.m. at the office of SCSU's counsel. Johnson was warned that she would be subject to sanctions, which could include dismissal, if she did not appeal. (Tr. p. 26). The same admonition was included in the order issued following the hearing.

It is readily apparent that Johnson decided to deny SCSU the right to depose her by appearing but making the absurd assertion that the Court had limited the deposition to only thirty (30) minutes.[4] She appeared, evaded appropriate questioning, and abruptly ended the deposition. The undersigned finds that Johnson's actions were taken in bad faith, were an abuse of due process, and tantamount to not appearing at all. Therefore, the undersigned concludes that Johnson violated the order of this Court setting the deposition and that this Court should impose sanctions on Johnson.

In considering the four (4) factors by the Fourth Circuit, the undersigned concludes that dismissal is the only appropriate sanction. First Johnson's continued and calculated actions clearly show that she acted in bad faith. Second, Johnson's actions have deprived SCSU of basic and essential evidence which Johnson believes will support her claims. Her actions amounts to a fundamental denial of due process. It is abundantly clear that such actions should be deterred. The Federal Rules of Civil Procedure provide for mutual discovery. Johnson has, in effect, denied discovery to SCSU. This is the absolute antithesis of the letter and spirit of the federal rules. Last, given Johnson's complete lack of cooperation and bad faith, the undersigned concludes that less drastic sanctions would be ineffective.

---

[4]Nothing in the record supports any limitation on the length of the deposition by the Court. The Federal Rules of Civil Procedure and the Local Rules of this Court govern the conduct of deposition. The undersigned cannot imagine a circumstance where it would be appropriate to limit a deposition in a Title VII employment case to a maximum of thirty (30) minutes.

**2. Motion for Summary Judgment.**

SCSU has also moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P. (Doc. No. 62). SCSU generally argues that Johnson has failed to plead or produce any evidence to support her various claims. The thrust of SCSU's argument is that because her complaint is factually deficient and because she has failed to develop her case through discovery, Johnson has no evidence to support her claims and withstand a motion for summary judgment.[5]

A second Roseboro order was issued following the filing of SCSU's motion for summary judgment. Johnson's motions for sanctions (Doc. Nos. 65 and 66) appear to be in response to SCSU's motion for sanctions discussed above as well as its motion for summary judgment. The record before the Court is scant. SCSU's attachments to its motion for summary judgment include copies of Johnson's administrative charge of discrimination, the right to sue letter, etc. Johnson's response (Doc.No. 66) includes the transcript of her deposition and copies of her responses to written discovery requests.

Rule 56 contemplates a discovery process that insures the development of the facts of the case and allows a court to grant a motion for summary judgment when the record shows that "there is no genuine issue as to any material fact <u>and that the movant is entitled to summary judgment as a matter of law.</u>" Rule 56(c), Fed.R.Civ.P. (emphasis added). The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Where the moving party files a properly supported motion for summary judgment, the opposing party must produce evidence to demonstrate that there are genuine

---

[5] Since deficiencies in the complaint should be challenged under Rule 12(b)(6), the undersigned concludes that summary judgment in favor of SCSU would be inappropriate under this argument.

issues of material fact for trial. Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514 (4th Cir. 2003). Even when the moving party files a properly supported motion for summary judgment and the non-moving party fails to respond, the moving party is not automatically entitled to summary judgment. The moving party has the ultimate burden of showing that it "is entitled to judgment as a matter of law." Rule 56(c). *See* Custer v. Panamerican Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993).

Here the record is devoid of facts, material or otherwise. Based on this record the undersigned cannot make a determination that SCSU is entitled to judgment as a matter of law. Therefore, this Court should not grant SCSU's motion for summary judgment.

## Conclusion

It is therefore, recommended that Plaintiff's motions for sanctions be **denied**, and that Defendant's motion for sanctions be **granted** pursuant to Rules 37 and 41. It is further recommended that Defendant's motion for summary judgment be **denied**.



                                                                               Joseph R. McCrorey  
February 27, 2009                          United States Magistrate Judge  
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).